UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES DARNELL BLACK,<br><br>   Petitioner,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Respondent. | Case No. 1:18-cv-00415-BLW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On March 13, 2020, Chief United States Magistrate Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed and that this action be dismissed with prejudice. Dkt. 44. Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id*.; *see also* Fed. R. Civ. P. 72(b).

Petitioner filed objections to the Report arguing it erred in its conclusions and findings. Dkt. 45. Having reviewed the Petitioner's objections, the Court finds the matter is ripe for its consideration. Fed. R. Civ. P. 72; Local Civ. R. 73.1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)). In this case, Petitioner filed objections and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter. The Court finds as follows.

## DISCUSSION

The factual and procedural background of this case are correctly stated in the Report and this Court adopts the same. Dkt. 44. Petitioner James Darnell Black filed an application for supplemental security income, alleging disability beginning December 1, 2010. *Admin. Record* at 60, Dkt. 21-3. Petitioner challenged the denial of his claim before an administrative law judge, who also denied Petitioner's claim. *Id.* at 24, Dkt. 21-2. The ALJ concluded that Petitioner's impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. *Id.* at 18-19. Petitioner timely requested review from the Appeals Council and, on June 25, 2018, the Appeals Council denied Petitioner's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See id.* at 1.

Petitioner argues that the ALJ erred by (1) failing to conclude at the third step of the sequential process that he is presumptively disabled under Listing 12.05C and (2) not obtaining his complete psychiatric records before issuing a disability determination. *See Informal Brief* at 2-10, Dkt. 36; *Objections* at 2-18, Dkt. 45.

The Court has reviewed the Report de novo in light of the arguments made by the Petitioner in his objections. The Court has also conducted a de novo review

of the administrative record, the ALJ's decision, and the complete record in this case.

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. *See* 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

The Report carefully examined the ALJ's decision and the administrative record. This Court agrees with the Report's analysis of Petitioner's claim. The Court finds the Report correctly determined that the ALJ appropriately developed the record in this case, and that her decision was supported by substantial evidence in the record and is based upon application of the proper legal standards. For the reasons stated in the Report, which this Court adopts in its entirety, the Court finds the Commissioner's decision should be affirmed.

Petitioner also objects to the Report's recommendation that the case be dismissed with prejudice. *Objections* at 18-19, Dkt. 45. The Commissioner's decision is final and binding on all participants. 42 U.S.C. § 405(h). The only

exception is for judicial review as provided in § 405(g). Because the Court affirms the Commissioner's decision, it is final and binding on Petitioner. Accordingly, this case should be dismissed with prejudice.

In reaching the above conclusions, the Court is mindful of the fact that the Plaintiff is a pro se litigant. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

## ORDER

**NOW THEREFORE IT IS ORDERED** that

1. The Report and Recommendation entered on March 13, 2020 (Dkt. 44) is ADOPTED IN ITS ENTIRETY.

2. The decision of the Commissioner of Social Security is AFFIRMED.

3. Petitioner's Motion for Summary Judgment (Dkt. 41) is DENIED.

4. This case be DISMISSED WITH PREJUDICE.

5. The Clerk is directed to close this case.

DATED: April 7, 2020

_____
B. Lynn Winmill
U.S. District Court Judge